UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FIELD DAY, LLC f/k/a NEW YORK MUSIC
FESTIVAL, LLC, AEG LIVE LLC f/k/a
AEG CONCERTS LLC,

                        Plaintiffs,                    <u>REPORT AND
RECOMMENDATION</u>

       -against-                                            CV 04-2202 (DRH)(ETB)[1]

COUNTY OF SUFFOLK, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES,
SUFFOLK COUNTY EXECUTIVE ROBERT
GAFFNEY, COMMISSIONER OF THE
SUFFOLK COUNTY DEPARTMENT OF
HEALTH SERVICES BRIAN HARPER,
COMMISSIONER OF SUFFOLK COUNTY
POLICE DEPARTMENT, JOHN C. GALLAGHER,
DIRECTOR OF THE SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES
ROBERT MAIMONI, CHIEF OF THE BUREAU
OF PUBLIC HEALTH PROTECTION BRUCE
WILLIAMSON, PRINCIPAL PUBLIC HEALTH
SANITARIAN ROBERT GERDTS, DEPUTY
SUFFOLK COUNTY ATTORNEY ROBERT
CABBLE, DEPUTY SUFFOLK COUNTY
EXECUTIVE JOE MICHAELS, SERGEANT
PATRICK MAHER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT, RIVERHEAD CHIEF OF
POLICE DAVID HEGERMILLER and
NEW YORK STATE HEALTH COMMISSIONER
ANTONIA C. NOVELLO,

                        Defendants.
-----------------------------------------------------------------------X

---

[1] The Court is grateful to Bettina Hollis, a third-year law student at St. John's University School of Law, for her assistance in the preparation of this Report and Recommendation.

TO THE HONORABLE DENIS R. HURLEY, United States District Judge:

Before the Court is the plaintiff's application for attorney's fees in the amount of $204,055.80 and costs amounting to $2,145.76. Defendants oppose plaintiffs' application on the grounds that, inter alia, the fees sought are excessive, the hourly billing rates are unreasonable, and much of the time billed is unnecessary and duplicative. Defendants also challenge the costs sought by plaintiffs on the grounds that plaintiffs have failed to provide detail and documentation in support of their request. For the following reasons, I recommend that plaintiffs be awarded attorney's fees and costs in the amount of $97,659.51.

## FACTS

Plaintiffs, Field Day, LLC and AEG, LLC (collectively referred to as "Field Day"), are Delaware limited liability companies with principal places of business in New York City and Los Angeles, respectively. (2d Am. Compl. ¶¶ 8-9.) In June 2002, Field Day sought to promote and produce a two-day music festival featuring leading rap, rock and hip-hop artists to take place on June 7-8, 2003 at the former Grumman site now known as Enterprise Park in Calverton, New York. See Field Day, LLC v. County of Suffolk, No. 04-2202, 2010 U.S. Dist. LEXIS 28476, at *3 (E.D.N.Y. Mar. 25, 2010); see also 2d Am. Compl. ¶ 8. Field Day thereafter entered into a license agreement to hold the concert with the Town of Riverhead's Community Development Agency. See Field Day, 2010 U.S. Dist. LEXIS 28476, at *3. Under the license agreement, Field Day was responsible for securing a "Mass Gathering Permit," which, according to the agreement, was a "Necessary Approval." Field Day, 2010 U.S. Dist. LEXIS 28476, at *3. Field Day applied for the required permit but it was denied on May 27, 2003. See Field Day, 2010

U.S. Dist. LEXIS 28476, at *4.

On June 3, 2003, the County of Suffolk (the "County") moved for an injunction in New York State Supreme Court, seeking to preclude Field Day from holding the concert. See Field Day, 2010 U.S. Dist. LEXIS 28476, at *4. On August 21, 2004, Field Day filed a notice of claim with the County and on May 26, 2004, Field Day commenced the within action against the County, the Suffolk County Department of Health Services, the Town of Riverhead and several named individuals, alleging violations of "First Amendment free speech rights and common law claims including tortious interference with contractual relations, tortious interference with business relations and prima facie tort." Field Day, 2010 U.S. Dist. LEXIS 28476, at *4.

During the course of this litigation, Field Day filed a motion for sanctions based on the alleged spoliation of evidence by the County, which was denied in part and granted in part by Judge Hurley. See id. at *3. In ruling on the motion, Judge Hurley noted that "there was at least some spoliation of evidence," id. at *26, but "[n]one of the destruction . . . occurred as a result of willful misconduct or bad faith." Id. at *27. Consequently, Field Day was "awarded reasonable attorneys' fees and costs incurred in connection with the [spoliation] motion." Id. at *30. Judge Hurley referred plaintiffs' request for attorney's fees and costs to the undersigned on June 7, 2010. (Order of Hurley, J. dated June 7, 2010.) Field Day submitted its fee application on April 30, 2010, requesting $184,199.80. (Bachman Decl. ¶ 9.) Field Day subsequently submitted a reply brief requesting additional fees incurred in connection with the reply brief in the amount of $19,856.00, for a total fee request of $204,055.80. (Bachman Reply Decl. ¶ 4.)

In its opposition, the County objects to both the amount of time spent on the spoliation motion and the hourly rates charged by Field Day's counsel, O'Melveny & Myers, LLP

-3-

("O&M").² Specifically, the County asserts that O&M is billing not just for time spent on the spoliation motion, but also for time spent on the motion for summary judgment, which was due one month after oral argument was held on the spoliation motion. (Jeffreys Decl. in Opp'n 14.) Additionally, the County claims that the time spent "is replete with unnecessary and duplicative work, non-legal activities [are charged] at the same rate as legal work . . . [and] many of the time entries submitted by Plaintiff had nothing to do with plaintiff's spoliation motion." (Id. at 15.) The County further challenges the hourly rates requested by O&M as "patently unreasonable for fees in this district." (Id.) Finally, the County objects to the costs submitted by O&M in the amount of $2,145.76 (id. at 4), "to the extent [plaintiffs] have failed to provide detail and documentation in support [of their request]." (Id. at 19.)

DISCUSSION

I.      Legal Standard

It is well-settled that where attorney's fees are sought to be awarded, the court must determine what is reasonable and adjust the fees accordingly. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (citing Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982)); see also Lynch v. Town of Southampton, 492 F. Supp. 2d 197, 208 (E.D.N.Y. 2007); Arnold v. Storz, No. 00-CV-4485, 2006 WL 2792749, at *6-7 (E.D.N.Y. Sept. 27, 2006). To do so, a "presumptively reasonable fee" is determined by "bear[ing] in mind all of the case-specific

---

² Pages three to fourteen of the County's opposition challenge the award of attorney's fees as unwarranted and seek reconsideration of that order. Reconsideration was denied by Judge Hurley on June 7, 2010 and will not be addressed in this Report and Recommendation. (Order of Hurley, J. dated June 7, 2010.)

variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 189, 190 (2d Cir. 2008) (emphasis omitted). The court determines the presumptively reasonable fee by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 453 (1983).

The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. See id. at 433; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("The party seeking the award bears 'the burden of documenting the hours reasonably spent by counsel . . . .'"). Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail "for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley, 461 U.S. at 433-34; Molefi v. The Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *16 (E.D.N.Y. Feb. 15, 2007) ("If such records are inadequate the Court may reduce the award accordingly.") (quotation omitted).

II.     Reasonable Hourly Rate

In the Eastern District of New York, it has been determined that reasonable hourly rates are $200-$400 per hour for partners, $175-$295 per hour for senior associates, $100-$200 per hour for junior associates and $75 per hour for legal assistants. See Concrete Floatation Sys., Inc. v. Tadco Constr. Corp., No. 07-CV-319, 2010 U.S. Dist. LEXIS 60560, at *14-15 (E.D.N.Y.

Mar. 15, 2010) (collecting cases); see also Olsen v. County of Nassau, No. CV-05-3623, 2010 U.S. Dist. LEXIS 5915, at *14-15 (E.D.N.Y. Jan. 26, 2010) (determining reasonable hourly rates to be $375-$400 for partners, $200-$250 for senior associates and $100-$175 for junior associates); Gutman v. Klein, No. 03-CV-1570, 2009 U.S. Dist. LEXIS 123057, at *8 (E.D.N.Y. Oct. 9, 2009) (approving rates of $300 to $400 for partners, $200 to $300 for senior associates, and $100 to $200 for junior associates).

In the within action, three attorneys primarily worked on the spoliation motion on Field Day's behalf:[3] (1) Peter Obstler ("Obstler"), then a partner at O&M;[4] (2) Judd B. Grossman ("Grossman"), an associate; and (3) Alan Slutsky ("Slutsky"), also an associate. (Bachman Decl. ¶ 5.) While a partner at O&M, Obstler's billing rates were $550 per hour in 2006 and $605 per hour in 2007. (Bachman Decl. ¶ 5a.) According to Field Day, Obstler "has substantial experience litigating civil rights cases." (Pl. Reply Mem. of Law 4 n.5 (detailing Obstler's civil rights experience); Bachman Decl., Ex. A at 1; Jeffreys Decl. in Opp'n, Ex. A.) Grossman, an associate who graduated from law school in 2004, billed at a rate of $370 per hour in 2006 and $455 per hour in 2007. (Bachman Decl. ¶ 5b.) Slutsky, an associate who graduated from law school in 2006, billed at a rate of $330 per hour in 2007. (Bachman Decl. ¶ 5c.)

The County objects to O&M's billing rates as unreasonably high for this district. The County is correct. While O&M is located in Manhattan, and therefore charges Southern District

---

[3] Field Day asserts that it was billed an additional $46,132.00 for work performed on the spoliation motion by other attorneys and support staff but does "not seek to recover any portion of that amount." (Bachman Decl. ¶ 6.)

[4] Obstler has since left O&M and is now a partner at Bingham McCutchen LLP in San Francisco, California.

of New York billing rates, the Second Circuit has recently clarified that when determining an award of attorney's fees, there is "a presumption in favor of application of the forum rule," Simmons v. New York City Transit Auth., 575 F.3d 170, 175 (2d Cir. 2009), such that courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Id. at 174 (quotation omitted). Field Day has made no effort to overcome this presumption. Accordingly, the billing rates requested herein should be reduced to comply with those accepted as reasonable in the Eastern District of New York.

The County also challenges the billing rates of both Grossman and Slutsky based on the fact that both were admitted to practice in 2006 and 2007, respectively, and were therefore very junior at the time they were working on the underlying spoliation motion. (Jeffreys Decl. in Opp'n 23-24.) Furthermore, the County claims to have never known Slutsky was working on the spoliation motion at all, and asserts that, due to his inexperience, he "should be categorized as . . . a law clerk/intern/paralegal." (Jeffreys Decl. in Opp'n 25.) A review of both Grossman's and Slutsky's profiles on Martindale Hubble, see www.martindalehubble.com, demonstrates that Grossman was admitted to practice in 2005 and was subsequently admitted to practice in New York in 2006. Slutsky was admitted to practice in 2007. Accordingly, Grossman had approximately 1-2 years of experience when working on the spoliation motion and Slutsky had less than one year of experience. While the County would like to characterize Slutsky as a "law clerk/intern/paralegal" due to his limited experience, he was in fact admitted to practice as an attorney in 2007 and therefore, will be so considered for purposes of this motion. Accordingly, I recommend that both Grossman's and Slutsky's billing rates be adjusted to those of junior

associates.

Based on the foregoing, I recommend that the hourly rates be adjusted as follows: (1) $400 per hour for Obstler; (2) $175 per hour for Grossman; and (3) $150 per hour for Slutsky.

III.     Time Expended

In determining the presumptively reasonable fee, a court may adjust the hours actually billed to a number the court determines to have been "reasonably expended on the litigation." Henlsey, 461 U.S. at 433. The number of hours claimed must be "supported by time records [and not be] excessive or duplicative." LeBlanc-Sternberg, 143 F.3d at 764; see also Hensley, 461 U.S. at 434 (excluding hours not "reasonably expended"). In adjusting the number of hours, the court "must state its reasons for doing so as specifically as possible." LeBlanc-Sternberg, 143 F.3d at 764.

Field Day has provided the Court with copies of invoices containing the time billed by its attorneys, which have been redacted to reflect only those entries that relate to the spoliation motion. (Bachman Decl. Ex. A-C.) The records "specify 'the date, the hours expended and the nature of the work done,'" as required. Arnold, 2006 WL 2792749 (quoting Carey, 711 F.2d at 1148). According to Field Day's declaration in support of its motion, 349.2 hours were expended on the spoliation motion[5] and 52.2 hours were spent on the within fee application.[6] (Bachman Decl. ¶ 5; Bachman Reply Decl. ¶ 3.)

---

[5] Obstler expended 153.1 hours on the spoliation motion while Grossman spent 137.2 hours and Slutsky spent 58.9 hours. (Bachman Decl. ¶¶ 5a-c.)

[6] The reasonableness of the hours expended in connection with the within fee application is addressed infra at Section IV.

The County objects to the hours expended by O&M on the grounds that they are unnecessary, duplicative and, in some instances, contradicted by time entries supplied by the County. The County further asserts that Obstler's billing records reflect time spent not only on the spoliation motion but also on the motion for summary judgment. However, Field Day explains in the declaration of its counsel, Charles Bachman, that "[w]here billing entries relating to [the spoliation motion] were not itemized separately from entries unrelated to [the] motion, the total amount of time billed in connection with [the spoliation] motion is indicated in brackets." (Bachman Decl. ¶ 8.) A review of Obstler's time records confirms that this is correct. Accordingly, the Court finds no basis for a deduction of Obstler's time on this ground.

A. Time Entries Alleged to be Incorrect

The County asserts that the following four time entries are incorrect:

1. January 23, 2007

Obstler's time records indicate that he billed 5.4 hours "meet[ing] and confer[ring] with County counsel's office regarding briefing schedule on spoliation" on January 23, 2007. (Bachman Decl., Ex. A.) Although the 5.4 hours billed has already been reduced by plaintiffs to reflect only 0.8 hours, (id.), the County asserts that the Assistant County Attorney assigned to this case, Christopher Jeffreys ("Jeffreys"), was on trial all day on January 23, 2007 in New York State Supreme Court and therefore could not have met and conferred with Obstler at all. (Jeffrey's Decl. in Opp'n 21.) The County has submitted Jeffreys' time records, which confirm that he spent 7.5 hours in a "court appearance" on a case unrelated to the within one. (Jeffreys Decl. in Opp'n, Ex. B.) Accordingly, I recommend that 0.8 hours be deducted from Obstler's time.

2. January 24, 2007

Obstler's time records for January 24, 2007 indicate that he billed 7.7 hours "meet[ing] and confer[ring] with opposing counsel regarding briefing schedule issues and discovery matters" as well as "review[ing] and analyz[ing] SDNY case regarding recent spoliation issues." (Bachman Decl., Ex. A.) Although the 7.7 hours billed has already been reduced by plaintiffs to reflect 1.9 hours, the County asserts that their attorney, Jeffreys, only spent 0.4 hours on a telephone conference with Obstler. (Jeffreys Decl. in Opp'n 22.) Jeffreys time is confirmed by the time entries submitted by the County. (Jeffreys Decl. in Opp'n, Ex. C.) Accordingly, I recommend that Obstler's time for January 24, 2007 be reduced to 0.4 hours.

3. March 20, 2007

a. Obstler

Obstler's time records indicate that he spent 4.9 hours appearing for a hearing on the spoliation motion before Magistrate Judge Wall on March 20, 2007. (Bachman Decl., Ex. A.) The County asserts that the hearing only lasted two hours. (Jeffreys Decl. in Opp'n 22.) The Court assumes that since Obstler's office was located in Manhattan at the time of the spoliation motion, that the 4.9 hours includes travel time to and from Manhattan. "It is well-established that within this circuit, time charged by an attorney for travel will be reimbursed at half of the attorney's [reasonable] hourly rate." Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., No. CV 06-5487, 2008 WL 4453221, at *36-37 (E.D.N.Y. Sept. 30, 2008); see also Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 373 (S.D.N.Y. 2005) (stating that "[c]ourts in this Circuit regularly reduce attorney's fees by 50% for travel time"). Accordingly, I recommend that Obstler's time be awarded as follows: 2.0 hours for attending the hearing before

Magistrate Judge Wall and 2.9 hours in travel time, to be awarded at fifty percent (50%) of Obstler's recommended hourly rate.

    b.  <u>Grossman</u>

    Grossman's time records for March 20, 2007 indicate that he also attended the hearing before Magistrate Judge Wall, for which he billed 7.1 hours. (Bachman Decl., Ex. B.) However, that time also includes entries for "travel" and for a "meeting with Charles Bachman." (Bachman Decl., Ex. B). It is difficult to tell, however, how much time was billed to each task because of the use of block billing. Moreover, as with Obstler, the County asserts that the hearing before Judge Wall only lasted two hours. (Jeffreys Decl. in Opp'n 24.) Accordingly, I recommend that Grossman's time be reduced to reflect 2.0 hours spent attending the hearing before Judge Wall and 2.9 hours spent traveling, to be awarded at fifty percent (50%) of Grossman's recommended hourly rate. I further recommend that the remaining 2.2 hours billed by Grossman be excluded from the fee award since the Court is unable to determine how much time was spent meeting with Charles Bachman or the nature of the meeting.

    4.  <u>April 19, 2007</u>

    a.  <u>Obstler</u>

    Obstler's time records indicate that he billed 7.7 hours on April 19, 2007 "prepar[ing] for, attend[ing] hearing, and argu[ing] motion for spoliation." (Bachman Decl., Ex. A.) The County asserts, however, that the hearing before Judge Hurley on April 19, 2007 lasted less than three hours. (Jeffreys Decl. in Opp'n 22.) Again, the Court assumes that Obstler's billed time includes time spent traveling between Manhattan and Central Islip, which the Court notes can take more than an hour and a half each way, depending on traffic. If 3.0

hours of travel time is factored into Obstler's time, and 3.0 hours were spent attending the hearing, that leaves 1.7 hours spent "prepar[ing] for the hearing," which the Court finds to be reasonable. Accordingly, I recommend that the full 7.1 hours billed by Obstler on April 19, 2007 be awarded but that 3.0 hours be awarded at fifty percent (50%) of Obstler's recommended hourly rate to account for travel time.

        b.     <u>Grossman</u>

Grossman's time records indicate that he also attended the hearing before Judge Hurley on April 19, 2007, for which he billed 8.7 hours. (Bachman Decl., Ex. B.) While the Court assumes this includes travel time, it is perplexing that Grossman appears to have billed more hours than Obstler for traveling to and attending the same hearing. Accordingly, I recommend that Grossman's time for April 19, 2007 be reduced from 8.7 hours to six hours, which reflects 3.0 hours spent attending the hearing and 3.0 hours spent traveling, which should be awarded at fifty percent (50%) of Grossman's recommended hourly rate.

    B.     <u>Duplicative and Unnecessary Time Entries</u>

"If the court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours . . . ." <u>Moreno v. Empire City Subway Co.</u>, No. 05 Civ. 7768, 2007 U.S. Dist. LEXIS 96636, at *9 (S.D.N.Y. Mar. 26, 2007) (quotation omitted). "To realize a reasonable result, district courts 'may employ a variety of practical methods for trimming the fat from an excessive fee application, such as across-the-board percentage cuts.'" <u>Kauffman v. Maxim Healthcare Servs., Inc.</u>, No. 04-CV-2869, 2008 U.S. Dist. LEXIS 77855, at *13 (E.D.N.Y. Sept. 9, 2008) (quoting <u>Brady v. Wal-Mart Stores, Inc.</u>, 455 F. Supp. 2d 157, 208-09 (E.D.N.Y. 2006)). Courts routinely make such across-the-

board percentage reductions where time records indicate duplicative billing. See, e.g., Katz v. Image Innovations Holdings, Inc., No. 06 Civ. 3707, 2009 U.S. Dist. LEXIS 44799, at *10 (S.D.N.Y. May 27, 2009) (reducing fees by five percent to account for duplicative billing); Kauffman, 2008 U.S. Dist. LEXIS 77855, at *41 (reducing hours by thirty percent due to "excessive, duplicative, redundant and otherwise unnecessary hours"); Mr. X v. New York State Educ. Dep't, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (reducing fees by twenty percent for, among other things, duplicative work); GE v. Compagnie Euralair, S.A., No. 96 Civ. 884, 1997 WL 397627, at *6 (S.D.N.Y. July 3, 1997) (reducing fees by fifty percent due in part to excessive and duplicative billing).

The County asserts that O&M's time records reveal unnecessary and duplicative work. The Court has reviewed the time records submitted by Field Day in support of the request for attorney's fees and finds that they are sufficiently detailed and reasonable. Accordingly, I find no basis for any further deductions.

IV.   Reasonableness of Hours Spent Preparing Fee Application

It is well-settled that the time spent preparing a fee application is compensable. See U.S. Football League v. Nat'l Football League, 704 F. Supp. 474, 486 (S.D.N.Y. 1989) (stating that any argument that parties cannot recoup attorney time spent on a fee application is "contrary to settled law in this Circuit"); see also Gutman, 2009 U.S. Dist. LEXIS 95169, at *7; Moreno v. Empire City Subway Co., No. 05 Civ. 7768, 2007 U.S. Dist. LEXIS 96636, at *14 (S.D.N.Y. Mar. 26, 2007). It is likewise accepted that the hourly rates charged for the fee application can and should be adjusted according to any amendment made to the hourly rates in general. See

Gutman, 2009 U.S. Dist. LEXIS 95169, at *21 (reducing all hourly rates across-the-board by one-third).

Time spent on the within fee application was billed as follows: (1) Charles E. Bachman ("Bachman"), who is a partner with O&M, at a rate of $910 per hour; (2) Grossman, $620 per hour; and (3) Slutsky, $560 per hour. (Bachman Decl. ¶ 5d; Bachman Reply Decl. ¶ 3.) The total amount of fees sought in connection with the fee application is $30,755.00. In accordance with the reductions discussed supra, the foregoing hourly rates should be reduced as follows: (1) Bachman, $400 per hour; (2) Grossman, $175 per hour; and (3) Slutsky, $150 per hour.

The Court notes that Field Day's reply to the County's opposition took almost twice as long to prepare as the original fee application, which included attaching multiple exhibits and redacted time records. I find such an expenditure of time to be excessive, considering the reply consisted of nothing more than a two-page declaration and a seven-page memorandum of law. I recommend that the hours billed with respect to Field Day's reply (34) be reduced to one-half of the hours billed on the original application (18.2). Accordingly, I recommend that Field Day be awarded 18.2 hours of time with respect to the original fee application and 9.1 hours of time with respect to the reply - a deduction of 24.9 hours - for a total of 27.3 hours for the fee application.[7]

---

[7] The reduction should be made solely from Slutsky's time since he expended 29.1 hours on the reply papers. (Bachman Reply Decl. ¶ 3.) Bachman only expended 1.8 hours and Grossman expended 3.1 hours. (Id.)

V.   Calculation of Attorney's Fees

Taking into account the foregoing deductions, I recommend that Field Day be awarded $95,513.75 in attorney's fees incurred in connection with the spoliation motion and the within fee application as follows:

| Name | Hours Billed | Deductions Recommended[8] | Travel Time (50%) | Recommended Hourly Rate | Total Fees Recommended |
|---|---|---|---|---|---|
| Obstler | 153.10 | (8.20) | 5.90 | $400 | $ 59,140.00 |
| Grossman | 148.00 | (11.30) | 5.90 | $175 | $ 24,438.75 |
| Slutsky | 97.80 | (24.90) | 0.00 | $150 | $ 10,935.00 |
| Bachman | 2.50 | (0.00) | 0.00 | $400 | $  1,000.00 |

VI.  Costs

Field Day also seeks to recover its costs incurred in connection with the spoliation motion, which amount to $2,145.76.  (Bachman Decl. ¶ 5e.)  The costs include $1,600.46 in electronic research charges and the balance in photocopying and binding charges.  (See id., Ex. E.)

"Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  LeBlanc-Sternberg, 143 F.3d at 763 (quoting United States Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989)); see

---

[8] The deductions recommended include the time spent by the attorneys traveling, for which the court has calculated fees at fifty percent (50%) of the attorney's recommended hourly rate, as discussed supra.

also Miltland Raleigh-Durham v. Meyers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients.") (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)) (additional citation omitted). "However, expenses which are part of the attorney's ordinary overhead are not to be reimbursed." SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (citing New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990).

The County challenges the costs submitted due to Field Day's alleged "fail[ure] to provide detail and documentation in support thereof." (Jeffreys Decl. in Opp'n 19.) The Court has reviewed Field Day's submission and finds the breakdown of costs submitted to be adequate. (Bachman Decl., Ex. E.)

Expenditures for photocopies are routinely recoverable and should therefore be awarded in full. See, e.g., Simmons v. N.Y. City Transit Auth., No. CV-02-1575, 2008 U.S. Dist. LEXIS 16949, at *22-23 (E.D.N.Y. Mar. 4, 2008) (finding costs relating to "filing fees, process servers, postage, travel and photocopying" to be reasonable expenditures for which plaintiff was entitled to reimbursement); Cho, 524 F. Supp. 2d at 212 (reimbursing plaintiff for costs related to "Federal Express, reproduction, telephone, facsimile, postage, deposition services, [and] deposition/hearing transcripts"); Molefi, 2007 U.S. Dist. LEXIS 10554, at *25 (finding that "costs associated with mailings, photocopies, and court fees . . . are precisely the type of costs that may be included in an award of attorney's fees");

There is a question in this Circuit, however, as to whether charges for electronic research

are compensable as costs. Some courts view electronic research as "merely a substitute for an attorney's time that is compensable under an application for attorney's fees." Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996); see also Kowal v. Andy Constr., Inc., No. CV-05-576, 2008 U.S. LEXIS 73637, at *14 (E.D.N.Y. Sept. 25, 2008). Other courts have determined that the expense is separably compensable as a cost if it is "ordinarily charged to their clients," LeBlanc-Sternberg, 143 F.3d 748, 763 (2d Cir. 1998), since it "likely reduces the number of hours required for an attorney to perform manual research." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 97-98 (2d Cir. 2004); see also Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 286 (E.D.N.Y. 2008). Here, Field Day maintains that the electronic research costs have been billed and paid. (Pl. Reply Mem. of Law 3.) More recently, an Eastern District of New York action dispensed with the distinction as "not terribly material" and stated that "the court will consider [the electronic research charges] as costs . . . recogniz[ing] that the use of online legal databases like Westlaw easily becomes quite expensive." Concrete Flotation Sys., 2010 U.S. Dist. LEXIS 60560, at *32.

Based on the foregoing, and in accordance with previous decisions and recommendations rendered by the undersigned, I recommend that Field Day be awarded its costs for electronic research. Accordingly, I recommend that Field Day be awarded the full amount of the costs incurred in connection with the spoliation motion - $2,145.76.

RECOMMENDATION

For the foregoing reasons, I recommend that Field Day be awarded attorney's fees in the

amount of $95,513.75 and costs in the amount of $2,145.76, for a total monetary award of $97,659.51.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
September 9, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge