UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIELD DAY, LLC, f/k/a/NEW YORK MUSIC
FESTIVAL, LLC, AEG LIVE LLC f/k/a
AEG CONCERTS LLC,

               Plaintiffs                       **ORDER**
   -against-                                 Civil Action No. 04-2202

COUNTY OF SUFFOLK, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES,
SUFFOLK COUNTY EXECUTIVE ROBERT
GAFFNEY, COMMISSIONER OF THE SUFFOLK
COUNTY DEPARTMENT OF HEALTH
SERVICES BRIAN L. HARPER, COMMISSIONER
OF SUFFOLK COUNTY POLICE DEPARTMENT
JOHN C. GALLAGHER, DIRECTOR OF SUFFOLK
COUNTY DEPARTMENT OF HEALTH SERVICES
ROBERT MAIMONI, CHIEF OF THE BUREAU OF
PUBLIC HEALTH PROTECTION BRUCE
WILLIAMSON, PRINCIPAL PUBLIC HEALTH
SANITARIAN ROBERT GERDTS, DEPUTY
SUFFOLK COUNTY ATTORNEY ROBERT
CABBLE, DEPUTY SUFFOLK COUNTY
EXECUTIVE JOE MICHAELS, SERGEANT
PATRICK MAHER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT, THE TOWN OF
RIVERHEAD, RIVERHEAD CHIEF OF POLICE
DAVID HEGERMILLER and NEW YORK
STATE HEALTH COMMISSIONER ANTONIA
C. NOVELLO.

               Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

**O'Melveny & Myers LLP**
Attorneys for Plaintiffs
7 Times Square
New York, New York 10036
  By:    Charles E. Bachman, Esq.
           Peter Obstler, Esq.
           B. Andrew Bednark, Esq.

**Christine Malafi, Suffolk County Attorney**
Attorneys for Suffolk County Defendants
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York
By:     Christopher A. Jeffreys, Esq.
        Susan A. Flynn, Esq.

**Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP**
Attorneys for Town of Riverhead
456 Griffing Avenue
P.O. Box 389
Riverhead, NY 11901
By:     Phil Siegel, Esq.

**Thomas C. Sledjeski & Associates**, PLCC
Attorneys for Riverhead Police Chief David Hegermiller
18 First Street
P.O. Box 479
Riverhead, New York 11901
By:     Thomas C. Sledjeski, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court are objections by both plaintiffs and the County Defendants.[1] to the Report and Recommendation of Magistrate Judge Boyle, dated September 9, 2010 (the "Report"), recommending that plaintiffs be awarded attorneys' fees and costs in the amount of $97,659.51. For the reason set forth below, all objections are denied and the Court adopts the Report in its entirety.

---

[1] "County Defendants" refers to defendants County of Suffolk (the "County"), Suffolk County Department of Health Services, Suffolk County Executive Robert Gaffney, Commissioner of the Suffolk County Department of Health Services Brian L. Harper, Commissioner of the Suffolk County Police Department John C. Gallagher, Director of the Suffolk County Department of Health Services Robert Maimone, Chief of the Bureau of Public Health Protection Bruce Williamson, Principal Public Health Sanitarian Robert Gerdts, Deputy Suffolk County Attorney Robert Cabble, Deputy Suffolk County Executive Joe Michaels, and Sergeant Patrick Maher of the Suffolk County Police Department.

## Background

By Memorandum & Order dated March 25, 2010, the Court granted in part and denied in part plaintiffs' motion for sanctions against the County Defendants. Therein the Court determined that (1) plaintiffs had sustained their burden or demonstrating that the County destroyed documents after its duty to preserve arose; (2) while the County acted in an indifferent manner, none of the destruction occurred as the result of willful misconduct or bad faith; and (3) as it was unclear that plaintiffs suffered any prejudice as a result of the County's conduct, sanctions in the form of an adverse inference, the striking of pleadings or orders of preclusion were inappropriate, but an award of monetary sanctions for the amount of reasonable attorneys' fees and costs incurred in connection with the motion was warranted. Plaintiffs were directed to submit affidavits and supporting time records.

On April 30, 2010, plaintiffs filed the Declaration of Charles E. Bachman in support of the award. On May 5, 2010 the County Defendants filed the "Declaration of Christopher A. Jeffreys in Opposition to the Plaintiffs' Request for Cost and Fees." On May 14, 2010, plaintiffs filed reply papers. By Order dated June 7, 2010, the Court referred this matter to Judge Boyle for purposes of determining the amount of reasonable attorneys' fees and costs incurred by plaintiffs in connection with the spoliation motion.

On September 9, 2010 Judge Boyle issued his Report recommending plaintiffs be awarded attorneys' fees and costs in the amount of $97,659.51, decreasing both the billing rate and number of hours claimed by plaintiffs.

County Defendants object to the Report asserting that both the rates and number of hours compensated should be further decreased. They also request that payment of any money should

be reduced to the form of an appealable judgment; (2) payment be stayed until final resolution; or (3) payment be held in escrow until final resolution.

Plaintiffs object to the Report asserting that Judge Boyle erroneously (1) applied the "forum rule" in calculating the sanctions award and (2) failed to apply the rates approved by Magistrate Judge Wall in his December 13, 2006 sanctions award which are "law of the case."

## Discussion

### I. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (providing for the same deferential standard of review of nondispositive matters). Objections to sanctions awards are reviewed under the "clearly erroneous or contrary to law" standard of review. *See Reidy v. Runyon*, 169 F.R.D. 486, 489-90 (E.D.N.Y. 1997).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard

4

is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

## II. Judge Boyle's Report is Neither Clearly Erroneous Nor Contrary to Law

Having reviewed Judge Boyle's Report, the Court finds that it is neither clearly erroneous nor contrary to law and therefore adopts it in its entirety.[2]

Turning first to County Defendants' objections, they claim that Adam Slutsky's work should be compensated at the $75 paralegal rate, rather than the rate for a junior associate, because the work on the spoliation motion was completed on or before April 19, 2007, which they claim was before Slutsky was admitted to practice. According to information on the New York Courts website, Slutsky was admitted to practice on an unspecified date in 2007 and his next registration date is November 2011. (*See* County Objections (Dkt. No. 205) Ex. B) Relying on that November registration date the County concludes that Slutsky must have been admitted in November 2007. However, in New York an attorney's registration date is not tethered to the month of his/her admission. Rather, registration is tied to the attorney's birth date as attorneys are required to register every two years "within 30 days after the attorney's birthday . . . ." 22 N.Y.C.R.R. § 118.1(a). Thus, that Slutsky's "next registration" was due in November 2011 is no evidence that he was admitted in November of 2007. In any event, according to the record in this case, as of December 2006 Slutsky was a law school graduate (Fordham 2006) and had

---

[2] Even applying the more stringent standard of de novo review, the Court would adopt the Report in its entirety.

passed the bar, with his admission pending,[3] rendering the rate set by Judge Boyle appropriate. *Cf. ATC Distrib. Group, Inc. v. Ready-Built Transmissions, Inc.*, 2007 WL 2522638, * 5, 8 (S.D.N.Y. Sept. 7, 2007) (reimbursing a summer associate for research at an hourly rate commensurate with that of a junior associate).[4] Finally, the Court finds that the rate set for Slutsky by Judge Boyle comports with the purposes of the award. Judge Boyle's calculation of Slutsky's rate at $150 was neither clearly erroneous nor contrary to law.

County Defendants also object to Judge Boyle's award of a rate of $400 per hour for Peter Obstler.[5] As Judge Boyle noted in his Report, it has been determined that reasonable hourly rates in the Eastern District of New York are $200-$400 per hour for partners and Obstler possesses substantial experience litigating civil rights cases, warranting an hourly rate at the high of the range. Moreover, the Court finds that the rate of $400 per hour comports with the purposes of the instant award. The objection is denied.

County Defendants further maintain that based upon Judge Boyle's determination that plaintiffs' counsel over billed on six time entries, an across the board cut of "52-55% of all properly billed time entries submitted by the plaintiffs' counsel is appropriate and necessary to reflect the actual amount spent for work performed." (County's Objections at 8.) Given that Judge Boyle found had already reduced the billing rates and found reductions appropriate in only

---

[3] *See* Aff. of Peter Obstler dated December 21, 2006 (Dkt. No. 132) at ¶4(d) referring to Mr. Slutsky as "an associate awaiting admission to the New York Bar."

[4] *Lynch v. Town of Southampton*, 492 F. Supp.2d 197 (E.D.N.Y. 2007) relied upon by County Defendants is not inapposite. Therein, the rate for an attorney pending admission was set above that of a paralegal. *Id.* at 212.

[5] Parenthetically, the Court notes that Obstler's billing rates were $550 per hour in 2006 and $605 per hour in 2007.

approximately four per cent of plaintiffs' counsels' time entries, it was not clearly erroneous for him to refuse to extend his reduction to the other ninety-six percent.

County Defendants' last objection is that the Court should stay the enforcement of the sanctions award, convert it into an appealable judgment, and/or order the payment be held in escrow. It is denied without prejudice to renew. The County makes its request without addressing whether the sanctions award can be entered as a separate judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and without citing any case law to support any of its three proposals. The Court declines to undertake the laboring oar in the first instance.

Turning then to plaintiffs' objections, they contend that the "forum rule" does not apply to sanctions awards and that the attorneys' fees rates set by Judge Wall[6] in an earlier ruling are law of the case and should have been applied by Judge Boyle. Both objections are denied.

Plaintiffs' reliance on *On Time Aviation, Inc. v. Bombardier Capital, Inc*, 2009 U.S. App. Lexis 21647 (2d Cir. Oct. 2, 2009) (Summary Order) for the proposition that the "forum rule" is inapplicable where attorney's fees have been awarded as a sanction is misplaced. First, rulings by summary order do not have precedential effect. *See* Rule 32.1(a) of the Local Rule of the Court of Appeal for the Second Circuit. Second, the Circuit did not state therein that the forum rule does not apply to sanctions award. Rather, it stated that "the reasoning behind calculation of awards under fee-shifting statutes . . . is not, however, precisely analogous to that applicable to Rule 11 awards." Given the deterrence purpose of a Rule 11 sanction and that toward that purpose the district court had considered only the appropriate hours and had used rates "significantly lower than those actually charged," the Circuit "did not identify any abuse of

---

[6] This case was reasssigned from Judge Wall to Judge Boyle in March 2007.

7

discretion in the district court's award." *Id.* at * 9-10.  Nor is the Court persuaded by Plaintiffs' argument that the rates should be increased "to restore them to the position that they were in before Suffolk County's discovery abuses." (Plaintiffs' Response (Dkt. No. 206) at 5.)  At the Court noted in its March 25, 2010 Memorandum and Order awarding plaintiffs reasonable attorneys' fees and costs incurred in connection with its spoliation motion, "[m]onetary sanctions are appropriate to punish the offending party for its actions [and] deter the litigant's conduct, sending the message that egregious conduct will not be tolerated."  March 25, 2010 Mem. & Order at 29 (internal quotations omitted) (brackets in original).  Given the purposes of the current award, the Court concludes that the rates set by Judge Boyle are neither clearly erroneous nor contrary to law.

The Court also overrules plaintiffs' objection based on the claim that Judge Wall's December 13, 2006 sanctions award is law of the case.  First, Judge Wall specifically noted that his Order "should not be construed as a ruling that the rates charged are per se reasonable and would be awarded under different circumstances." (*See* Order dated March 9, 2007 (Dkt. No. 157) at n1.)  Moreover, Judge Wall calculated the rate based on then governing circuit law and prior to the decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008) wherein it was held that "a district court may use an out-of-district hourly rate-or some rate in between the out-of-district rate sought and the rates charged by local attorneys-in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. . . . [It is ] presume[d], however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally."

8

## Conclusion

For the reasons set forth above, the objections of both plaintiffs and County Defendants are denied and the Court adopts the Report of Judge Boyle in toto. The County is hereby directed to pay plaintiffs the amount of $97,659.51 within ninety (90) days of the date hereof, which date has been selected to provide ample time for any appropriate application, *see* discussion *supra* at 6-7.

**SO ORDERED.**

Dated: Central Islip, New York
December 30, 2010          /s/ _____
                           Denis R. Hurley
                           Senior District Judge