UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIELD DAY, LLC, f/k/a/NEW YORK MUSIC
FESTIVAL, LLC, AEG LIVE LLC f/k/a
AEG CONCERTS LLC,

                Plaintiffs,

  -against-                                **MEMORANDUM & ORDER**
                                                      04 CV 2202 (DRH)(ETB)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES,
SUFFOLK COUNTY EXECUTIVE ROBERT
GAFFNEY, COMMISSIONER OF THE SUFFOLK
COUNTY DEPARTMENT OF HEALTH
SERVICES BRIAN L. HARPER, COMMISSIONER
OF SUFFOLK COUNTY POLICE DEPARTMENT
JOHN C. GALLAGHER, DIRECTOR OF SUFFOLK
COUNTY DEPARTMENT OF HEALTH SERVICES
ROBERT MAIMONI, CHIEF OF THE BUREAU OF
PUBLIC HEALTH PROTECTION BRUCE
WILLIAMSON, PRINCIPAL PUBLIC HEALTH
SANITARIAN ROBERT GERDTS, DEPUTY
SUFFOLK COUNTY ATTORNEY ROBERT
CABBLE, DEPUTY SUFFOLK COUNTY
EXECUTIVE JOE MICHAELS, SERGEANT
PATRICK MAHER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT, THE TOWN OF
RIVERHEAD, RIVERHEAD CHIEF OF POLICE
DAVID HEGERMILLER and NEW YORK
STATE HEALTH COMMISSIONER ANTONIA
C. NOVELLO,

                Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

O'MELVENY & MYERS LLP
Attorneys for Plaintiffs
7 Times Square
New York, New York 10036
By: Charles E. Bachman, Esq.

SUFFOLK COUNTY ATTORNEY
Attorney for Suffolk County Defendants
H. Lee Dennison Building
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
By: Christopher Jeffries, Esq.

**HURLEY, District Judge:**

Presently before the Court is the application of defendant Suffolk County (the "County" or "defendant") for an entry of partial judgment pursuant to Fed. R. Civ. P. 54(b) on the Court's prior award of monetary sanctions in favor of plaintiffs. (*See* docket no. 212.) The subject sanctions were ordered on December 30, 2010 through the adoption of Magistrate Judge Boyle's recommendation that plaintiffs be awarded the attorneys' fees and costs incurred in bringing a motion for spoliation. *Field Day, LLC v. County of Suffolk*, No. 04-2202, 2010 U.S. Dist. LEXIS 137410 (E.D.N.Y. Dec. 30, 2010).

After the present motion was filed, but before the Court acted thereon, the County defendants appealed an unrelated Memorandum and Order in this case to the Second Circuit. (*See* docket no. 17.) That appeal was dismissed by the Circuit on March 26, 2012 for lack of jurisdiction. (*See* 3/26/12 Mandate, docket no. 224.) For the reasons stated below, plaintiffs' present motion for judgment pursuant to Fed. R. Civ. P. 54(b) is denied.

### BACKGROUND

The facts underlying plaintiffs' claims are set forth in a number of prior decisions in this action. A familiarity with such facts is therefore presumed for present purposes. The sanctions award at issue here resulted from the Court's Order dated March 25, 2010 wherein the Court granted in part, and denied in part plaintiffs' spoliation motion. *Field Day, LLC v. County of*

2

*Suffolk*, No. 04-2202, 2010 U.S. Dist. LEXIS 28476 (E.D.N.Y. Mar. 25, 2010). There, the Court found that (1) plaintiffs had sustained their burden to demonstrate that the County destroyed documents after its duty to preserve documents arose; (2) while the County acted in an indifferent manner, none of the destruction occurred as a result of willful misconduct or bad faith; and (3) as it was unclear that plaintiffs suffered any prejudice as a result of the County's conduct, sanctions in the form of an adverse inference, the striking of pleadings or orders of preclusion were inappropriate. *Id.* The Court nevertheless awarded monetary sanctions in the form of plaintiffs' reasonable attorneys' fees and costs arising from prosecuting their motion for spoliation. *Id.* Judge Boyle later recommended, and this Court affirmed, an award to plaintiffs in the amount of $97, 659.51. *See Field Day, LLC v. County of Suffolk*, No. 04-2202, 2010 U.S. Dist. LEXIS 137430 (E.D.N.Y. Sept. 9, 2010).

**DISCUSSION**

**FED. R. CIV. P. 54(b)**

"Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all claims . . . in an action involving more than one claim . . . . The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim . . . until final adjudication of the entire case by making an immediate appeal available." Wright & Miller, 10 Federal Practice and Procedure § 2654 (1998). However, "[r]espect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely. The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate

appeal." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000) (per curiam) (internal citations and quotation marks omitted). *See also Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)(examining the "historic federal policy against piecemeal appeals"). Although the decision to grant a Rule 54(b) application is left to the sound discretion of the district court, such discretion should be exercised "sparingly." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b).

"Rule 54(b) contains three prerequisites for concluding that a decision or order is a final judgment: (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *In re Air Crash at Belle Harbor*, 490 F.3d 99, 108-09 (2d Cir. 2007) (internal quotations omitted) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)).

ANALYSIS

The Court begins by noting that the award of attorneys' fees implicated an entirely separate set of facts and legal issues from those arising out of plaintiffs' substantive claims. *See generally, Field Day*, 2010 U.S. Dist. LEXIS 137410. Moreover, the related proceedings resulted in findings and conclusions that have no material bearing on the rest of the case. The matter is therefore "sufficiently separate and distinct" from the remaining claims in this action. *See Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 418 (2d Cir. 1989).

Nevertheless, plaintiffs argue that because spoliation was not one of the claims alleged in the complaint, nor is it an independent cause of action, it does not constitute a "claim" as the term is understood within Rule 54(b). (P's Opp. at 2-3.) The spoliation motion, plaintiffs contend, implicated a collateral discovery matter that would be inappropriate for partial judgment under 54(b). They further argue that in the context of 28 U.S.C. § 1291,[1] discovery orders are interlocutory and must await final judgment to be appealed. (P's Opp. at 4.)

The Court agrees. Although the spoliation matter and resulting attorney's fees has been fully adjudicated, it is nonetheless an interlocutory discovery issue that should be appealed only after the close of all matters in this case. *See, e.g., New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)(deeming a discovery order and contempt judgment with sanctions as "interlocutory orders that must await final judgment"). Notably, the Court's sanctions Order does not fall under the collateral order doctrine that might otherwise provide an exception. "In order to qualify as a collateral order, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and

---

[1] 28 U.S.C. § 1291 provides jurisdiction for circuit courts of appeal over "final decisions of the district courts." For Rule 54(b) certification, the subject claim "must be finally decided within the meaning of 28 U.S.C. § 1291." *Belle Harbor*, 490 F.3d at 109.

(3) be effectively unreviewable on appeal from a final judgment." *New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.*, 252 F.3d 667, 669 (2d Cir. 2001)(internal quotes and citation omitted). As will be discussed in more detail below, defendant has not shown that it is precluded from appealing the matter from a final judgment.

Defendant further argues that their application implicates one of the infrequent cases of hardship required for 54(b) applications. *See Citizens Accord*, 235 F.3d at 129. Specifically, defendant contends, in the event that it achieves a dismissal or a defendants' verdict on all causes of action, it would not be an "aggrieved party" with standing to appeal the final judgment. (Ds' Memo at 8; Ds' Reply at 3-4.) However, the County provides no authority for this proposition.

"[A] party generally does not have standing to appeal when the judgment terminates the case in his favor." *Concerned Citizens of Cohocton Valley, Inc. v. New York State Dept. of Environmental Conservation*, 127 F.3d 201, 204 (2d Cir. 1997). This general rule, however, applies unless the party "can show some basis for arguing that the challenged action causes him a cognizable injury, i.e., that he is 'aggrieved' by the order." *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994)(citing *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 335 (1980)); *see also In re DES Litig.*, 7 F.3d 20, 25 (2d Cir. 1993); *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of the United States*, 406 F.3d 867, 876 (7th Cir. 2005)("An appeal of a final decision 'brings up' for review all interlocutory decisions of the district court that were adverse to the appellant and that have not become moot.").

Whether the spoliation matter becomes "final" through the entry of a final judgment or through the entry of a partial judgment pursuant to Rule 54(b), the County would be "aggrieved" in either case by the award of over $97,000 in attorney's fees to plaintiffs. Payment of this award would clearly constitute a "cognizable injury" necessary to confer standing. *See Spencer*,

6

44 F.3d at 78; *see also Equitable Life*, 406 F.3d at 876 ("[A]ppellate review of a sanction does not depend on which party ultimately prevailed in the final decision of the lawsuit. One could win a huge triumph on the merits and still appeal an adverse sanction suffered along the way."). The County offers no argument or authority to the contrary, and has therefore failed to establish that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *See Citizens Accord*, 235 F.3d at 129.

The County's motion pursuant to Fed. R. Civ. P. 54(b) is therefore denied. As the prior appeal in this case has been dismissed, and the action is otherwise ready for trial, the Court shall hold a final pretrial/settlement conference on June 14, 2012 at 2:00 p.m. in Courtroom 930. Counsel shall mail or fax[2] a three-page letter outlining their respective settlement positions by June 12, 2012.

Dated: Central Islip, N.Y.
May 25, 2012

/s
Denis R. Hurley
United States District Judge

---

[2] The settlement letter shall not be filed on ECF.