UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIELD DAY, LLC, f/k/a/NEW YORK MUSIC
FESTIVAL, LLC, AEG LIVE LLC f/k/a
AEG CONCERTS LLC,

                Plaintiffs,

     -against-                                **MEMORANDUM & ORDER**
                                            04 CV 2202 (DRH) (ETB)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES,
SUFFOLK COUNTY EXECUTIVE ROBERT
GAFFNEY, COMMISSIONER OF THE SUFFOLK
COUNTY DEPARTMENT OF HEALTH
SERVICES BRIAN L. HARPER, COMMISSIONER
OF SUFFOLK COUNTY POLICE DEPARTMENT
JOHN C. GALLAGHER, DIRECTOR OF SUFFOLK
COUNTY DEPARTMENT OF HEALTH SERVICES
ROBERT MAIMONI, CHIEF OF THE BUREAU OF
PUBLIC HEALTH PROTECTION BRUCE
WILLIAMSON, PRINCIPAL PUBLIC HEALTH
SANITARIAN ROBERT GERDTS, DEPUTY
SUFFOLK COUNTY ATTORNEY ROBERT
CABBLE, DEPUTY SUFFOLK COUNTY
EXECUTIVE JOE MICHAELS, SERGEANT
PATRICK MAHER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT, THE TOWN OF
RIVERHEAD, RIVERHEAD CHIEF OF POLICE
DAVID HEGERMILLER, and NEW YORK STATE
HEALTH COMMISSIONER ANTONIA
C. NOVELLO,

                Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

O'MELVENY & MYERS LLP
Attorneys for Plaintiffs
7 Times Square
New York, New York 10036
By:    Charles E. Bachman, Esq.

SUFFOLK COUNTY ATTORNEY
Attorney for Suffolk County Defendants
H. Lee Dennison Building

100 Veterans Memorial Highway
Hauppauge, New York 11788
By:      Christopher A. Jeffries, Esq.

DEVITT SPELLMAN BARRETT, LLP
Attorneys for Defendant Riverhead Chief of
Police David Hegermiller
50 Route 111
Smithtown, New York 11787
By:      Diane K. Farrell, Esq.
         John M. Shields, Esq.


**HURLEY, District Judge:**

Presently before the Court is Riverhead Chief of Police David Hegermiller's

("Hegermiller") motion to amend his Answer to assert a cross-claim for contribution against the

County Defendants.[1]  For the reasons stated below, Hegermiller's motion is DENIED.

## *BACKGROUND*

The factual background of this case has been set forth in great detail in a number of prior

opinions.  *See Field Day, LLC v. County of Suffolk*, 799 F. Supp. 2d 205 (E.D.N.Y. 2011); *Field*

*Day, LLC v. County of Suffolk*, 799 F. Supp. 2d 186 (E.D.N.Y. 2011); *Field Day, LLC v. County*

*of Suffolk*, 2005 WL 2445794 (E.D.N.Y. Sept. 30, 2005); *Field Day, LLC v. County of Suffolk*,

2005 WL 2445788 (E.D.N.Y. Sept. 30, 2005).  A familiarity with such facts is therefore

presumed for present purposes.

---

[1]      For purposes of this motion, "County Defendants" refer to the following Suffolk County
defendants who remain in this action: County of Suffolk; Suffolk County Department of Health
Services; Suffolk County Executive Robert Gaffney; Commissioner of the Suffolk County
Police Department John C. Gallagher; Director of the Suffolk County Department of Health
Services Robert Maimoni; Chief of the Bureau of Public Health Protection Bruce Williamson;
Principal Public Health Sanitarian Robert Gerdts; Deputy Suffolk County Attorney Robert
Cabble; and Deputy Suffolk County Executive Joe Michaels.  Suffolk County defendants Brian
Harper and Patrick Maher were previously dismissed on motion.

Plaintiffs commenced this action by filing a Complaint on May 26, 2004 ("Complaint"), which was amended as of right on July 23, 2004 ("Amended Complaint").  (Docket Nos. 1, 4.) Although not filed with the Court, Hegermiller claims to have served an Answer on September 14, 2004 ("Answer").  (*See* Farrell Decl., Ex. E.)  This Answer, however, responds to the Complaint, and not the Amended Complaint.[2]  On October 13, 2004, plaintiffs filed, on consent, a Second Amended Complaint.  In response, all then named defendants, with the exception of Hegermiller, moved to dismiss.[3]   (Docket Nos. 50, 61, 74.)  On September 30, 2005, the motions to dismiss were denied.  *See Field Day, LLC v. County of Suffolk*, 2005 WL 2445794, at *24 (E.D.N.Y. Sept. 30, 2005); *Field Day, LLC v. County of Suffolk*, 2005 WL 2445788, at *12 (E.D.N.Y. Sept. 30, 2005).  In October 2005, subsequent to the Court's rulings on the pending motions to dismiss, the then named County Defendants and the Town of Riverhead filed Answers to the Second Amended Complaint and asserted cross-claims against one another. (Docket Nos. 80, 82.)  No such Answer can be found on Court's docket for defendant Hegermiller.

Approximately two months later, the parties submitted a proposed scheduling order setting forth various discovery deadlines, (*see* Docket No. 94), which was adopted by Magistrate Judge Wall on December 22, 2005 ("Scheduling Order").  Pursuant to the Scheduling Order, the

---

[2]     The Court was able to ascertain that Hegermiller's Answer responded to the Complaint based on the fact that both pleadings contained identical captions as well as the same number of paragraphs (*i.e.*, 135), and causes of action (*i.e.*, 9).  (*See* Farrell Decl., Exs. B, E).  Unlike the Complaint and Answer, plaintiffs' Amended Complaint contained different defendants, an additional cause of action, and two additional paragraphs.  (*See* Farrell Decl., Ex. C.)

[3]     The Court's September 30, 2005 Memorandum & Order erroneously stated that both the Town of Riverhead and Hegermiller moved to dismiss.  *See Field Day, LLC v. County of Suffolk*, 2005 WL 2445788, at *1 (E.D.N.Y. Sept. 30, 2005).  It was only the Town of Riverhead who filed a motion with the Court.  (Docket No. 74.)

deadline for any party to move to join new parties or to amend the pleadings was June 15, 2006.[4]

Notwithstanding this deadline, on October 6, 2006, Hegermiller filed a letter motion seeking to

amend his Answer in order to include a statute of limitations defense, and annexed a "Proposed

Amended Answer" to his papers.  (Docket No. 111.)  In denying the motion, Judge Wall first

indicated that since the deadline to move expired on June 16, 2006, "the motion to amend should

be considered pursuant to Rule 16(b), which requires a showing of good cause for modifications

to the schedule."  (Docket No. 115.)  Finding that Hegermiller did not establish the necessary

good cause to make the belated motion, he was precluded from amending his Answer.

More than six years later, after the close of discovery and all parties moving for summary

judgment, Hegermiller again seeks to amend his Answer and file a proposed Second Amended

Answer, this time to assert a cross-claim for contribution against the County Defendants in

connection with plaintiffs' state tort claims.

***DISCUSSION***

**I.      Legal Standard**

Federal Rule of Civil Procedure 15, entitled "Amended and Supplemental Pleadings"

provides, with respect to motions to amend, that "[t]he court should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Quaratino v. Tiffany & Co.*, 71 F.3d 58,

66 (2d Cir. 1995) ("Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party

to be served with the proposed pleading, or futility, the motion should be freely granted.").

However, when a motion to amend the pleadings is filed after the deadline to do so has expired,

courts analyze the motion under the more demanding standard under Rule 16(b).  *See Kassner v.*

---

[4]      Although certain deadlines in the Scheduling Order were extended by subsequent orders
(*see, e.g.*, Docket Nos. 106, 131, 133), the deadline to move to amend the pleadings was never
extended.

*2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed."); *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006) ("If Rule 15(a) were considered without regard to Rule 16(b), scheduling orders would be rendered meaningless and Rule 16(b) would become nugatory.").

Under Rule 16(b), a court is directed to enter a scheduling order that limits the time to amend the pleadings, among other deadlines. *See* Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleading after the deadline set in the schedule order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "Even if the Court finds that the Rule 16(b) 'good cause' standard has been satisfied, it must then proceed to consider whether the new claim survives scrutiny under Rule 15." *U.S. Underwriters Ins. Co. v. Ziering*, 2010 WL 3419666, at *3 (E.D.N.Y. Aug. 27, 2010); *see also Lincoln*, 418 F. Supp. 2d at 454.

## II.     Operative Pleading

Before addressing whether Hegermiller may amend his Answer pursuant to the Federal Rules of Civil Procedure, a more basic question is worthy of discussion; whether there is an operative pleading for Hegermiller to even amend. Hegermiller's current counsel, who appeared in this case for the first time in August 2011, claims that former counsel filed an Amended Answer on October 14, 2006. (*See* Hegermiller's Mem. at 2.) However, no such "filing" can be found on the Court's docket. Moreover, this Amended Answer is identical to the proposed

amended answer that Hegermiller sought to file when he moved to amend in October 2006. (*Compare* Farrell Decl., Ex. F *with* Docket No. 111.)  As previously discussed, Judge Wall denied Hegermiller's motion to amend.  Therefore, to the extent that Hegermiller served the Amended Answer, such a pleading is a nullity.

Aside from this pleading, the only other Answer Hegermiller claims to have served dates back to September 14, 2008, which was also not filed with the Court.  (*See* Farrell Decl., Ex. E.) But this pleading, which responds to plaintiffs' initial Complaint, no longer has any legal effect as plaintiffs have twice since amended their complaint.  Failing to identify a responsive pleading to plaintiffs' Second Amended Complaint, Hegermiller's motion to file a proposed Second Amended Answer fails as one cannot amend a pleading that does not otherwise exist.[5]

## III.    Good Cause under Rule 16

Even assuming there was a responsive pleading to which Hegermiller could now seek to amend, his motion would nonetheless fail.  Without referring to Rule 16, Hegermiller dedicates his entire motion addressing Rule 15 principles such as undue delay, bad faith, prejudice, and futility.  However, and as discussed above, Judge Wall entered a Scheduling Order on December 22, 2005, which set a June 15, 2006 deadline to amend pleadings.  Since Hegermiller's motion was made after the deadline to amend had expired, he must first satisfy the "good cause" standard under Rule 16 before an analysis under Rule 15 is conducted.

The Second Circuit has emphasized that "the primary consideration" in determining whether a party has established good cause "is whether the moving party can demonstrate diligence." *Kassner*, 496 F.3d at 244; *see also Alexander v. Westbury Union Free Sch. Dist.*,

---

[5]      It is further noted that Hegermiller's proposed Second Amended Answer incorrectly responds to the allegations and claims contained in plaintiffs' original Complaint rather than plaintiffs' current pleading, *i.e.*, the Second Amended Complaint.  Moreover, the proposed pleading contains the same statute of limitations affirmative defense which Judge Wall precluded.

829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011) ("Good cause has been measured against the diligence of the party seeking to amend the pleading and has required the movant to establish that the deadline to amend the pleading could not be met despite due diligence.").  Although not proffered in the context of good cause, Hegermiller claims that shortly after new counsel was retained, they recognized that Hegermiller's prior counsel did not include a cross-claim in his Answer and made numerous attempts to obtain the County's consent prior to filing the motion. This contention, however, does not demonstrate diligence.  Hegermiller has been aware of plaintiffs' state tort claims since the inception of the case in May 2004 and had knowledge of the cross-claims for contribution asserted by his co-defendants as of October 2005.  Hegermiller could have asserted his claim for contribution at any time, and the fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause.  *See Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) ("[T]he apparent negligence of [plainitff's] former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b)."); ("Defendants' retention of new counsel and resulting change in strategy do not constitute good cause . . . ."); *Alexander*, 829 F. Supp. at 118 ("To find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel." (internal quotation marks omitted)).  In the absence of any diligence by Hegermiller in pursuing the amendment he now seeks, the Court finds that he has not satisfied the necessary good cause standard under Rule 16.[6]

---

[6]    It is worth noting that should a jury return an adverse verdict against Hegermiller, today's ruling does not prejudice his right to bring an action for contribution against the County Defendants.  *See Indovino v. Tassinari*, 2006 WL 2505232, at *4 (E.D.N.Y. Aug. 28, 2006) (stating that a contribution claim does not accrue until payment has been made by party seeking to recover); *accord Sprague v. Marshall*, 15 A.D.3d 853, 789 N.Y.S.2d 570 (4th Dep't 2005).

*CONCLUSION*

For the reasons set forth above, Hegermiller's motion to amend is DENIED.  All

remaining pre-trial deadlines will be set at the January 9, 2013 conference.


**SO ORDERED.**


Dated:  Central Islip, N.Y.
        January 3, 2013                                    /s/

                                        Denis R. Hurley
                                        United States District Judge